## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **LINDA & JOSEPH BURNS h/w** | ) ) ) | **Case Number:** |
| | ) | **CIVIL COMPLAINT** |
| **Plaintiffs** | ) | |
| **vs.** | ) ) | |
| **NCO FINANCIAL SYSTEMS, INC.** | ) ) | |
| **Defendant** | ) ) | **JURY TRIAL DEMANDED** |
| | ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiffs, Linda & Joseph Burns, h/w, by and through their undersigned counsel, Bruce K. Warren, Esquire of Warren Law Group, P.C., complaining of Defendant, and respectfully avers as follows:

## I. INTRODUCTORY STATEMENT

1. Plaintiffs, Linda & Joseph Burns, h/w, are adult natural persons and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices as well as violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 et. seq. and 47 C.F.R. 64.1200 et. seq.("TCPA") and Invasion of Privacy by Intrusion upon Seclusion.

## II. JURISDICTION

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3.      Venue in this District is proper in that the Plaintiff resides in this District.

### III.  PARTIES

4.      Plaintiff, Linda & Joseph Burns, h/w, (hereafter, Plaintiffs) are adult natural people residing in Deptford, New Jersey.  At all times material and relevant hereto, Plaintiffs were "consumers" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.      Defendant, NCO Financial Systems, Inc. (hereafter, Defendant), at all times relevant hereto, is a corporation company engaged in the business of collecting debt, within the Commonwealth of Pennsylvania and the State of New Jersey with a primary address located at 507 Prudential Road, Horsham, PA  19044.

6.      Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant regularly tries to collect debt due by another.  Defendant, is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.  FACTUAL ALLEGATIONS

7.      In or around October 2012, Plaintiffs started to receive constant and continuous collection calls to their home phone number from the Defendant.

8.      Defendant is trying to contact a woman named "Kelli Burns".

9.      When the Plaintiff, Linda asked in what regard the call was for, the Defendant began to divulge information about an alleged consumer debt belonging to "Kelli Burns".

10.     Although, "Kelli Burns", is a relative of the Plaintiffs, she does not reside with the Plaintiffs.

11.     Plaintiffs are not responsible for the above referenced consumer debt and have no business relationship with the defendant.

12.     The Plaintiff, Linda has informed the Defendant numerous times that "Kelli Burns" is not at the number they have called and they need to contact her directly.

13.     The Plaintiffs have been receiving calls from Defendant at least once a day for the past month, sometimes before 8 AM.

14.     On or about March 11, 2013, the Plaintiff, Linda received a call from the Defendant at 6 AM.

15.     On or about March 28, 2013, the Plaintiff, Linda received a call from the Defendant at 7:28 AM wanting to speak with "Kelli Burns".  The Plaintiff told the Defendant that "Kelli Burns" wasn't there and asked the Defendant to stop calling her house.

16.     The Defendant became irate saying, "Kelli is never there is she."  The Plaintiff, Linda became upset and ended the call.

17.     The Defendant immediately called back the Plaintiff and asked for "Kelli Burns". The Plaintiff, Linda became even more upset and told the Defendant, "I just told you she wasn't here!" and ended the call.

18.     Despite knowing they are contacting a family member Defendant continues to make harassing calls and invade the privacy of the Plaintiffs.

19.     As of the filing of this complaint, Defendant continues to place harassing calls to the Plaintiff's home for someone else, the natural consequences of which is to harass, oppress, or abuse the Plaintiffs in connection with the collection of a debt due by another.

20. The Defendant and their agent's conduct has become so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency.

21. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

22. At all times pertinent hereto, Defendant was acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

23. At all times pertinent hereto, the conduct of Defendant, as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiffs herein.

24. As a result of Defendant's, conduct, Plaintiffs have sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and they will continue to suffer same for an indefinite time in the future, all to their great detriment and loss.

## COUNT I – FDCPA

25. The above paragraphs are hereby incorporated herein by reference.

26. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiffs for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

27. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

§§ 1692c(a)(1):    At any unusual time or unusual place or unusual time and place

§§ 1692d:    Any conduct the natural consequence of which is to harass, oppress, or abuse any person

§§ 1692d(5):    Caused the phone to ring or engaged any person in telephone conversations repeatedly

§§ 1692e:    Any other false, deceptive, or misleading representation or means in connection with the debt collection

§§ 1692e(10):    Any false representation or deceptive means to collect a debt or obtain information about a consumer

§§ 1692f:    Any unfair or unconscionable means to collect or attempt to collect the alleged debt

**WHEREFORE**, Plaintiffs respectfully prays that judgment be entered against the Defendant, for the following:

a.     Actual damages;

b.     Statutory damages pursuant to 15 U.S.C. § 1692k;

c.     Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.     Such additional and further relief as may be appropriate or that the interests of justice require.

## <u>COUNT II - TCPA</u>

28.     The above paragraphs are hereby incorporated herein by reference.

29.     At all times relevant hereto, Defendant unlawfully, intentionally and fraudulently violated the TCPA, 47 U.S.C. §227 et. seq. and 47 C.F.R. 64.1200 et. seq.

30.     The foregoing acts and omissions constitute violations of the TCPA, including but not limited to:

a.     The Defendant used an automatic telephone dialing system that had capacity to store or produce telephone numbers using random or sequential number generation and dialed the telephone number associated with the Plaintiffs.

b.     The Defendant initiated telephone calls to Plaintiff's telephone using artificial and prerecorded voice to deliver a message without the prior consent of the Plaintiffs.

c.     The Defendant initiated communication to the Plaintiffs using an automatic dialer that was not in compliance with the technical and procedural standards set forth by the TCPA.

**WHEREFORE**, Plaintiffs respectfully requests that this court enter judgment in their favor and against Defendant, and Order the following relief:

a.     Actual damages;

b.     Statutory damages;

c.     Reasonable attorney's fees and costs of suit pursuant to the TCPA

d.     Treble damages.

## COUNT III

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

31.     The above paragraphs are hereby incorporated herein by reference.

32.     The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs

or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

33.    New Jersey recognizes Plaintiff's right to be free from invasions of privacy, thus Defendant violated NJ state law.

34.    Defendant intentionally intruded upon Plaintiff's right to privacy to be continually harassing Plaintiff with frequent telephone calls, abusing Plaintiffs.

35.    The telephone calls made by Defendant to Plaintiffs were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and "a substantial burden to his existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

36.    The conduct of Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

37.    As a result of the intrusions and invasions, Plaintiffs are entitles to actual damages in an amount to be determined at trial from Defendant.

38.    Defendant's acts were reckless, willful, and intentional and/or were done with knowledge of their harmful effects towards Plaintiffs and as such Defendant is subject to punitive damages.

**WHEREFORE**, Plaintiffs respectfully prays that judgment be entered against the Defendant for the following:

a.    Reasonable attorney's fees and litigation expenses, plus costs of suit;

b.    Punitive damages; and

c.      Such additional and further relief as may be appropriate or that the

interests of justice require.


## V.  JURY DEMAND

Plaintiffs hereby demand a jury trial as to all issues herein.


                                        Respectfully submitted,

                                        WARREN LAW GROUP, P.C.


**Date:  April 30, 2013**                 BY:*/s/ Bruce K. Warren*
                                        Bruce K. Warren, Esquire

                                        Warren Law Group, PC
                                        58 Euclid Street
                                        Woodbury, NJ 08096
                                        P: (856)848-4572
                                        F: (856)324-9081
                                        Attorney for Plaintiff
                                        bruce@warren-lawfirm.com